MANN, Judge.
Waiters’ sworn petition alleged that the trial judge did not advise him of his right to appeal and that the public defender failed after request to take an appeal. This court appointed the Honorable John D. Justice, Circuit Judge of the Twelfth Judicial Circuit, as Commissioner to determine whether Waiters had been deprived of his right to review through action or neglect of the state’s agents. At some expense to the taxpayers of Florida, Waiters was brought to Bradenton for an evidentiary hearing. That hearing revealed that at the time of sentencing the trial judge had clearly advised Waiters that he had thirty days in which to appeal and that no timely request for an appeal was made. Furthermore, Waiters testified that the judge advised him that he had only thirty days in which to appeal.
Pursuing the matter with a view toward the filing of perjury charges, the assistant state attorney asked Waiters to explain the inconsistency between his sworn petition, on the one hand, and the transcript of trial court proceedings and Waiters’ own testimony at evidentiary hearing, on the other. Waiters said, “I explained it to the guy up there what happened to my case. He said he can get me hack in court and he here. He filed some motions and told me to have them notarized.” The “guy up there” was a fellow inmate.
There are men at Raiford who can promise a prisoner to get him home. All too often we see, as here, a petition written in a different hand from that of the prisoner, alleging drearily similar charges adequate to require an evidentiary hearing. We take these petitions seriously, as we should. When a false allegation consumes judges’ time and taxpayers’ money which could better be spent in the consideration of truthful claims, all of us have lost.
We think the time is long overdue for provision by the state of counseling and advice to prisoners, by law students under competent supervision. When this .is done the state may lawfully curb the activities of writ-writers,[1] who are almost always wrong and often careless with the truth. The best exposition of the problem is contained in a note, Trial Court and Prison Perspectives on the Collateral Post Conviction Relief Process in Florida.[2] We look with anticipation to the time when any prisoner can get competent advice about his possible avenues of appellate and post-conviction review. The most salutary consequence of such a system is that many men who misunderstand the legal process can be told why they are in prison. When one reads petitions complaining, for example, that the petitioner is unconstitutionally imprisoned for murder in the second degree when he was, in fact, indicted for murder in the first degree, he wishes that the petitioner had been given a few minutes of somebody’s time before the writ was written.[3]
So far, in view of the state’s tardiness in providing adequate post-conviction assistance, we have not pressed perjury or con *736 tempt charges against those who abuse their access to this court. We do think, however, that the writer of Waiters’ writ is so contemptuous of the rules all civilized men must live by as to be a doubtful parole risk, and will so advise the Probation and Parole Commission. We do not think that the presentation of any reasonably arguable, truthful claim should prejudice any prisoner’s expectation of release on parole, but the preparation and presentation of untruthful claims is evidence of insufficient rehabilitation.
Habeas corpus denied.
LILES, A. C. J., and McNULTY, J., concur.

. Johnson v. Avery, 1969, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718.

. 1969, 21 U.Fla.L.Rev. 503.

.See also authorities cited in the case and student note cited supra, and Wexler, The Jailhouse Lawyer as a Paraprofessional: Problems and Prospects, 1971, 7 Grim.L.Bull. 139.